State v. Dillard.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

Defendant failed to file his bill of exceptions in time. We have nothing save the record proper before us subject to examination. The instructions appear to have been preserved, but this court will not take them under consideration when not accompanied by the evidence. The indictment charges grand larceny in the usual manner approved by this court, and it is therefore free from attack.

---

THE STATE v. DILLARD, *Appellant*.

Division Two, November 9, 1897.

Appeals: CRIMINAL LAW: NO BILL OF EXCEPTIONS. When no bill of exceptions is filed and no error appears in the record proper, the judgment will be affirmed on appeal.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) Appellate courts do not undertake to pass upon the weight and strength of the testimony where an inference of guilt can reasonably be drawn. (2) The instructions given by the court are complete, and fully advised the jury as to all the law in the case. An exception to the court's failure to fully instruct the jury on all points of law comes too late when made for the first time in the motion for a new trial. *State v. Nelson,* 132 Mo. 196; *State v. Paxton,* 126 Mo. 513. (3) The indictment was regularly found upon a subject-matter over which the court had jurisdiction.

GANTT, P. J.—At the October term, 1895, of the St. Louis Criminal Court, defendant was indicted for murder in the first degree. He was arraigned and entered a plea of not guilty. The cause was transferred to division number two, and trial was had on the twenty-seventh day of January, 1896, which resulted in a verdict of guilty of murder in the second degree, and his punishment fixed at fifty years in the penitentiary. A motion for a new trial was filed by the defendant, and after being heard and considered by the court was sustained. The cause was thereupon transferred to division number one, and on July 2, 1896, the second trial was had, which resulted in a verdict of guilty of murder in the second degree, and defendant's punishment was assessed at twenty years in the penitentiary. Defendant again filed his motion for a new trial, which was overruled. Motion in arrest of judgment was also filed and overruled, and an appeal was then taken by the defendant to this court.

No leave was given defendant to file a bill of exceptions and none has been filed.    There is no error whatever in the record proper and the judgment is affirmed.
SHERWOOD and BURGESS, JJ. concur.